JOHNSTONE, Justice
(concurring specially).
In this particular case, the defendant-petitioner filed his Rule 32 petition after the two-year deadline established by Rule 32.2(c), Ala. R.Crim. P. Therefore, his claim of juror misconduct, a constitutional violation pursuant to Rule 32.1(a), was barred unless it was based on newly discovered evidence, for the two-year deadline of Rule 32.2(c), by its own terms, does not bar claims based on newly discovered evidence pursuant to Rule 32.1(e). For this reason only, the Court of Criminal Appeals was correct in concluding that the constitutional violation claim under Rule 32.1(a) needed to fulfill all of the requirements of Rule 32.1(e) for a claim of newly discovered evidence. A claim of a constitutional violation pursuant to Rule 32.1(a) filed before the expiration of the two-year deadline imposed for such claims by Rule 32.2(c), would not need to fulfill the requirements of Rule 32.1(e) for a claim of newly discovered evidence, as the two subsections, (a) and (e), are entirely distinct and self-sufficient so long as the two-year deadline of Rule 32.2(e) has passed.
One of the most onerous requirements of Rule 32.1(e) for a claim of newly discovered evidence is that the evidence must prove the defendant’s innocence. The problem with the opinion of the Court of Criminal Appeals in this case is that its language categorically imposes onerous requirement on all claims for constitutional violations pursuant to Rule 32.1(a) without distinguishing between those filed before the passage of the two-year deadline and those filed after the passage of the two-year deadline as in this case. For a constitutional violation claim of juror misconduct pursuant to Rule 32.1(a) filed before the two-year deadline, nothing could be more fallacious than to require that the defendant prove his innocence in order to get an impartial jury to consider his presumption of innocence. Therefore, our quashing this writ should not be misunderstood as any approval of the categorical language in the opinion of the Court of Criminal Appeals imposing the requirements of Rule 32.1(e) (newly discovered evidence) on a claim pursuant to Rule 32.1(a) (constitutional violation). Ex parte Pierce, [Ms. 1981270, September 1, 2000] — So.2d-(Ala.2000).